J-A24003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RICKIE ROBE RICHBURG | |
| Appellant | No. 1131 WDA 2016 |

Appeal from the PCRA Order June 29, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012136-2009
CP-02-CR-0012137-2009
CP-02-CR-0012139-2009

BEFORE:  MOULTON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                    **FILED OCTOBER 27, 2017**

Rickie Robe Richburg appeals, *pro se*, from the June 29, 2016 order entered in the Allegheny County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

On June 30, 2010, the trial court sentenced Richburg to an aggregate term of 20 to 40 years' incarceration followed by 5 to 10 years' probation after Richburg pled guilty to a number of charges at dockets CP-02-CR-0012136-2009, CP-02-CR-0012137-2009, CP-02-CR-0012138-2009, and CP-02-CR-0012139-2009.  On April 3, 2016, Richburg, *pro se*, filed the instant PCRA petition challenging his convictions at dockets CP-02-CR-0012136-2009, CP-02-CR-0012137-2009, and CP-02-CR-0012139-2009.

On April 25, 2016, the PCRA court appointed counsel. On June 3, 2016, PCRA counsel filed a ***Turner***/***Finley***[1] letter requesting permission to withdraw as counsel. On June 6, 2016, the PCRA court entered an order informing Richburg that it intended to dismiss his petition and grant counsel's motion to withdraw. On June 29, 2016, the PCRA court dismissed the petition. On June 30, 2016, Richburg filed a *pro se* objection to PCRA counsel's motion to withdraw. On July 26, 2016, Richburg filed a notice of appeal.

Richburg raises the following issues on appeal:

> I. Did the P.C.R.A. Court err in denying the Post Conviction Relief Act Petition without a hearing by misapprehending the retrospective application in ***Commonwealth v. Hopkins***, 117 A.3d 247 ([Pa.] 2015) when it's paradigm, ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) created a "substantive rule," which "the Constitution requires State Collateral Review Courts to give retroactive effect to that rule?"

> II. Did the P.C.R.A. Court err in denying the Post Conviction Relief Act Petition without a hearing when Mr. Richburg filed the instant Post Conviction Relief Act Petition timely by filing within sixty (60) days of learning of the Supreme Court of Pennsylvania's decision in ***Commonwealth v. Hopkins***, 117 A.3d 247 ([Pa.] 2015)?

> Ill. Did the P.C.R.A. Court err in denying the Post Conviction Relief Act Petition without a hearing when Mr. Richburg contends that through the Court's inherent power, the P.C.R.A. Court always retains jurisdiction to

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

correct his patently unconstitutional, and therefore illegal sentence?

Richburg's Br. at 4 (proposed answers omitted).[2]

Our standard of review from the denial of PCRA relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. We will not disturb findings that are supported by the record." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011) (internal citation omitted).

---

[2] Pursuant to our March 9, 2017 order granting Richburg's first request for extension of time to file his brief, Richburg's brief was due May 22, 2017. The proof of postage in the certified record shows that the brief was mailed on May 25, 2017. Accordingly, the Commonwealth raises an objection to the timeliness of Richburg's brief and requests dismissal of the appeal pursuant to Pennsylvania Rule of Appellate Procedure 2188. Cmwlth.'s Br. at 6-7.

Under the "prisoner mailbox rule," which applies to all *pro se* legal filings by incarcerated litigants, a document is deemed filed on the date it is delivered to prison authorities or deposited in a prison mailbox. **Thomas v. Elash**, 781 A.2d 170, 176 (Pa.Super. 2001). "[A]n incarcerated litigant must supply sufficient proof of the date of mailing." **Id.** "[A]ny reasonably verifiable evidence of the date that the prisoner deposits" the document with prison authorities is acceptable. **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997). Richburg's brief includes a certificate of service dated May 21, 2017; however, there is no evidence establishing when he delivered the brief to prison authorities for mailing. "Where . . . the facts concerning timeliness are in dispute, a remand for an evidentiary hearing may be warranted." **Id.** at 426 n.3. Because we conclude that Richburg is not entitled to relief, we find that remand is unnecessary. **See Thomas**, 781 A.2d at 176 (finding that, although questions regarding timeliness of appellant's post-trial motions existed because document contained proof of service that was not notarized, remand to PCRA court for evidentiary hearing was unnecessary because appellant was not entitled to relief).

Furthermore, the right to an evidentiary hearing on a PCRA petition is not absolute. ***Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa.Super. 2008). "[I]f the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Id.*** (quoting ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa.Super. 2008)). "A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Id.***

Before we reach the merits of Richburg's petition, we must determine whether it was timely filed. It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition must be "filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Richburg did not file a post-sentence motion. Thus, Richburg's judgment of sentence became final on July 30, 2010, when the time to file a notice of appeal expired. ***See*** Pa.R.Crim.P. 720 (stating that if defendant does not file timely post-sentence motion, notice of appeal shall be filed

within 30 days of imposition of sentence). Richburg's current petition, filed on April 3, 2016, is therefore facially untimely.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175-76. In addition, when invoking an exception to the PCRA time bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Richburg claims the U.S. Supreme Court's decision in *Alleyne* and our Supreme Court's decision in *Hopkins* create a constitutional right that should retroactively apply to this matter. However, in *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016), our Supreme Court held that *Alleyne* does not apply retroactively to collateral attacks on mandatory minimum sentences. Thus, *Alleyne*, and by extension, *Hopkins*, are

inapplicable to Richburg's case, and he is unable to invoke the "new constitutional right" exception to the PCRA's timeliness requirement. 42 Pa.C.S. § 9545(b)(1)(iii).[3] Accordingly, we conclude that Richburg's PCRA petition was untimely.

Richburg next claims that this Court has the inherent power to correct illegal sentences. "Although legality of sentence [claims are] always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa.Super. 2013) (quoting *Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa.Super. 2007)). Therefore, because Richburg's PCRA petition is untimely, this Court lacks jurisdiction to consider any claim, including a challenge to the legality of his sentence.

Accordingly, we conclude that the PCRA court's dismissal of Richburg's petition as untimely is supported by the record and free of legal error. In

_____

[3] Furthermore, to the extent that Richburg is claiming the Court's decision in *Hopkins* satisfies the "newly-discovered facts" exception to the PCRA timeliness requirement, we note that "a judicial opinion does not qualify as a previously unknown 'fact' capable of triggering the timeliness exception set forth in section 9545(b)(1)(ii) of the PCRA." *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa.Super. 2013). Moreover, *Hopkins* was decided on June 15, 2015, and Richburg did not file his PCRA petition until April 3, 2016. Thus, even if Richburg had properly pled the newly-discovered facts exception, he failed to file his petition within 60 days of the *Hopkins* decision as required by section 9545(b)(2). *See Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa.Super. 2012) (noting that even if judicial decision qualified as newly-discovered fact under PCRA, petitioner did not file his petition within 60 days of judicial decision).

addition, because there are no genuine issues of material fact regarding the timeliness of Richburg's petition, the PCRA court appropriately dismissed the petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2017